## Rush v. Butler Fair and Agricultural Assn. (No. 2)

*Lee C. McCandless,* for petitioners.

*Carmen V. Marinaro, Robert J. Dodds, Jr., Leonard L. Scheinholtz* and *Reed, Smith, Shaw & McClay,* for respondents.

McKAY, J., December 17, 1956.—In this equity case, certain of defendants have filed a petition to require plaintiffs to furnish security for expenses, pursuant to the provisions of the Act of April 18, 1945, P. L. 253, 12 PS §1321. Plaintiffs have filed an answer challenging the legal propriety of the petition under the facts set forth in the complaint and the matters raised in the petition and answer are before the court for disposition.

The complaint alleges the following facts. In 1945 the Butler Fair and Exposition, a Pennsylvania business corporation, hereinafter called the exposition, dissolved and its directors and officers formed a new nonprofit corporation entitled the Butler Fair and Agricultural Association, hereinafter referred to as the association. Membership in the association was invitational and was restricted to the former officers and directors of the exposition. The complaint avers that the officers and directors concealed the fact that a lease on the fairgrounds property previously used by the exposition had been renewed for 25 years and thereby fraudulently induced the shareholders of the exposition to consent to the assignment of the assets of the exposition to an intermediary, who later transferred them to the association for less than their value. Defendants in the action include the association and

the surviving former officers and directors of the exposition. The complaint prays that the assignment be set aside, and the proceeds of the condemnation of the leasehold interest by the school district of the City of Butler be held in trust for the use and benefit of the shareholders of the exposition and for other relief.

The present petitioners are the association itself and the former officers and directors. The petition asks that plaintiffs be required to give security for expenses which may be incurred by defendants in connection with the equity action. The exposition is not a party defendant to the action and, of course, is not one of petitioners.

A casual reading of the act discloses that its obvious purpose is to protect the officers and directors of an existing corporation from unfounded suits by irresponsible shareholders.

The Act of 1945, supra, provides as follows:

"Section 1. In any suit brought to enforce a secondary right on the part of one or more shareholders against any officer, or director, or former officer or director of a corporation, domestic or foreign, because such corporation refuses to enforce rights which may properly be asserted by it, the plaintiff or plaintiffs must aver and it must be made to appear, that the plaintiff or each plaintiff was a stockholder at the time of the transaction of which he complains, or that his stock devolved upon him by operation of law from a person who was a stockholder at such time": 12 PS §1321.

"Section 2. In any such suit instituted or maintained by holder or holders of less than five per centum of the outstanding shares of any class of such corporation's stock or voting trust certificates, the corporation in whose right such action is brought shall be entitled, at any stage of the proceedings, to require the plaintiff or plaintiffs to give security for the reasonable expenses,

including attorneys' fees, which may be incurred by it in connection with such suit, and by the other parties defendant in connection therewith, for which it may become liable pursuant to section three of this act, to which security the corporation shall have recourse in such amount as the court having jurisdiction shall determine upon the termination of such action. The amount of such security may, from time to time, be increased in the discretion of the court having jurisdiction of such action upon showing that the security provided has or may become inadequate": 12 PS §1322.

"Section 3. The reasonable expenses, including attorneys' fees of any party defendant incurred in connection with the successful defense of such suit shall be assessed upon the corporation, or if any party defendant shall be successful in part only, or if such action shall be settled with the approval of the court having jurisdiction thereof, the reasonable costs, including attorneys' fees, of any such party defendant shall be assessed upon the corporation in such amount as the court shall determine and find to be reasonable in the circumstances. The amount of all such expenses so assessed shall be awarded as costs of the suit and be recoverable in the same manner as statutory taxable costs": 12 PS §1323.

Previous to its enactment, suits of this nature had overburdened the courts.* To furnish the protection afforded by the act, it provides that when shareholders bring a suit to enforce a secondary right against officers or directors because the corporation itself refuses to enforce its rights, defendants may have their reasonable expenses, including attorneys' fees, which are incurred in connection with the successful defense of the suit assessed upon the corporation. This means

---

* See note by F. Eugene Reader, Esq., 12 PS §1301, page 4, outlining the background of the Act of 1945.

that if the officers and directors are successful in their defense, their expenses are paid from the funds of the corporation. The act then provides that the corporation, not defendants, may require plaintiff to give security to protect it against this assessment.

It is obvious that the Act of 1945 does not apply to the present action. The only corporation that could file a petition for security for costs is the exposition, of which the three plaintiffs were formerly shareholders. But the exposition does not qualify for it is not a party to the action and it could not be, for it has been dissolved for more than 10 years. If defendants as former officers and directors of the exposition are successful in their defense, there is no corporation in existence against which their expenses can be assessed or from whose funds the expenses could be paid to the individual defendants. The exposition has not refused "to enforce rights which may properly be asserted by it" as provided in section 1 of the act, because, not being in existence, it could not refuse to do anything.

It is true that one of petitioners is the association. However, the association does not qualify as a corporation entitled to the protection of the Act of 1945 because plaintiffs do not claim to be shareholders in the association.

Even if the exposition were still in existence, it would not be entitled to the protection of the act for it is not named as a party defendant and it could not have any expenses "which may be incurred by it in connection with such suit" as provided by section 2 of the act.

In their answer respondents, plaintiffs, aver also that the act applies only to derivative actions by minority shareholders, whereas the present action is not a derivative action but a representative suit by plaintiffs to secure personal relief. Petitioners contend that the action is a derivative action.

Having decided that the Act of 1945 does not apply to an action in which, as here, the corporation concerned is dissolved and is not a party to the suit, it is unnecessary for us to decide whether the action is derivative or representative.

### *Order*

Now, December 17, 1956, it is ordered that the petition of the Butler Fair and Agricultural Association and the individual defendants in the above entitled action asking that plaintiffs be directed to file a bond to secure expenses be and the same is hereby dismissed.

### *Exception*

And now, December 17, 1956, to the foregoing order of the court counsel for petitioners excepts, and eo die, a bill of exceptions is sealed for petitioners.